IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

       v.           :        CRIMINAL NO. 24-CR-247-004

RYAN HAWN         :

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Ryan Hawn's conduct posed a grave danger to the community; he manufactured untraceable 3D-printed ghost guns and knowingly placing those firearms into the hands of a drug trafficker.  These weapons, devoid of serial numbers and designed to evade traditional law enforcement tracing methods, armed an individual already engaged in inherently dangerous criminal activity.  In doing so the defendant helped fuel the cycle of gun violence that continues to endanger the citizen and neighborhoods of this district. The defendant, however, has acknowledged his own misconduct and pleaded guilty.  While awaiting the disposition of this matter, the defendant has successfully completed a 30-day inpatient drug treatment program, a six-month recovery house program, and has submitted 13 negative drug screens.  The defendant has also successfully completed the STRIDES Court.  Given his commitment to sobriety, his completion of treatment and continued participation in monthly counseling session for mental health and drug treatment, the government submits that a variance allowing for the imposition of a probationary sentence is warranted.

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).

At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

## I.      BACKGROUND

On March 17, 2025, the defendant pled guilty to Counts Two, Three, Four, Ten, Eleven and Twelve of the Indictment charging aiding and abetting the trafficking of firearms in violation of 18 U.S.C. § 933 (a)(1) and 2 (Count Two), conspiracy to commit unlicensed firearms dealing in violation of 18 U.S.C. §§ 371, 922(a)(1)(A) and 924(a)(1)(D) (Count Three), unlicensed firearms dealing and aiding and abetting, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) and 2 (Count Four); and unlawful transfer of a firearm to an out of state resident and aiding and abetting, in violation of 18 U.S.C. § § 922(a)(5) and 2 (Counts Ten, Eleven and Twelve). During his plea colloquy and his PSR interview, the defendant acknowledged his wrongdoing.

II.    **SENTENCING CALCULATION**

    A.    **Statutory Maximum Sentence.**

The maximum term of imprisonment is 15 years on Count Two, 5 years on Counts Three, Four, Ten, Eleven and Twelve. (See paragraph 104 of the PSR).

    B.    **Sentencing Guidelines Calculation.**

The Probation Office correctly calculated the defendant's advisory guideline range as 57-71 months based on a criminal history category of I and the following:

| | |
|---|---|
| Base Offense Level    USSG § 2K2.1(a)(4)(B)(i)(II) and (ii)(II) | 20 |
| Specific Offense Characteristic (offense involved between three and seven firearms) | +2 |
| Specific Offense Characteristic (defendant knowingly transferred a firearm without a serial number) | +4 |
| Specific Offense Characteristic (defendant transferred a firearm having reason to believe that this was a prohibited person) | +2 |
| Acceptance of Responsibility | -3 |
| Total Offense Level: | 25 |

The Government, by way of my predecessor, entered into a plea agreement with the defendant and stipulated that the base offense level should be calculated as 14. I am bound by the plea agreement with Mr. Hawn regarding the base offense level of 14 and therefore request that the Court find that the applicable guideline range is 30-37 months.

III.    **ANALYSIS**

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### A.      Consideration of the 3553(a) Factors

Ghost guns pose a uniquely dangerous threat to public safety in Philadelphia because they allow individuals who are prohibited from possessing firearms to obtain untraceable weapons with relative ease.  Unlike commercially manufactured firearms, ghost guns often lack serial numbers, making it extraordinarily difficult for law enforcement to trace their origin, identify trafficking patterns, or connect recovered firearms to violent offenders.  In a city already grappling with persistent gun violence, the proliferation of these weapons has contributed to shootings, retaliatory violence, and the arming of drug traffickers and convicted felons. Investigators are increasingly recovering ghost guns at crime scenes, yet traditional tracing methods that have long assisted federal and local authorities are rendered in effective.  The anonymity associated with ghost guns emboldens offenders and undermines one of law enforcement's most important investigative tools: the ability to follow the firearm's history from manufacturer to purchaser.  Simply put, ghost guns fuel violence while simultaneously frustrating the efforts of police and prosecutors to identify, apprehend, and dismantle the individuals responsible for bringing deadly weapons to Philadelphia neighborhoods.

- 4 -

However, the defendant's post-offense conduct demonstrates that a probationary sentence would best serve the goals of sentencing while preserving the substantial rehabilitative progress already achieved.  Since entering treatment, the defendant has successfully completed a 30-day in-patient treatment program, a six-month recovery house treatment program, has submitted 13 negative drug screens, and successfully completed STRIDES Court. Completion of these programs provides objective proof of sustained sobriety and a genuine commitment to recovery. Equally important, the defendant has secured lawful employment as a peer recovery specialist with the Center for Family Services in Voorhees, New Jersey. This in turn establishes structure, accountability, and financial stability – factors strongly associated with reduced recidivism and long-term rehabilitation.  A return to prison at this stage would risk disrupting the very progress the defendant has worked diligently to achieve.  Continued supervision in the community, coupled with treatment and employment, would better protect the public by reinforcing rehabilitation rather than interrupting it.  Under these particular circumstances, a probationary sentence is sufficient, but not greater than necessary to accomplish the purposes of sentencing.

## IV.    CONCLUSION

For these reasons and subject to any that may be presented at the defendant's sentencing hearing and in the Sealed Supplement, the government believes that a variance from the guidelines is warranted and that a probationary sentence should be imposed.

Respectfully submitted,

DAVID METCALF
United States Attorney

LIZMAR BOSQUES
Assistant United States Attorney

- 5 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Sealed Supplement to Sentencing Memorandum has been served

by email:

**Kathryn Clare Coviello Cacciamani, Esquire**
*Counsel for defendant Ryan Hawn*
1800 JFK Blvd., Suite 300
Philadelphia, PA 19103
215-771-8876
kccacciamani@hotmail.com

LIZMAR BOSQUES
Assistant United States Attorney

DATED:  <u>May 26, 2026.</u>